James C. Shah
Natalie Finkelman Bennett
SHEPHERD, FINKELMAN, MILLER
& SHAH, LLP
475 White Horse Pike
Collingswood, NJ 08107-1909
Telephone: (856) 858-1770
Facsimile: (866) 300-7367
jshah@sfmslaw.com
finkelman@sfmslaw.com

John F. Edgar
Boyce N. Richardson
EDGAR LAW FIRM, LLC
1032 Pennsylvania Ave.
Kansas City, MO  64105
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
jfe@edgarlawfirm.com
bnr@edgarlawfirm.com

Counsel for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CORRINE WHITEMAN, On Behalf of Herself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>        v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC.,<br><br>        Defendant. | No.<br><br>**<u>CLASS ACTION</u>**<br><br>**CLASS ACTION COMPLAINT**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff, Corrine Whiteman ("Whiteman" or "Plaintiff"), through her attorneys, alleges, upon personal knowledge as to her own acts and as to all other matters, and upon information and belief based upon, *inter alia,* the investigation made by and through her attorneys, and against Defendant, Samsung Electronics America, Inc. ("Samsung" or "Defendant"), as follows:

## INTRODUCTION

1.      This is a class action brought by Plaintiff against Samsung, on behalf of all current and former owners of Samsung Gear S2 smart watches ("Gear S2"), challenging Defendant's defective manufacture and deceptive sales and marketing of the Gear S2 product line.

2.      In October 2015, Samsung unveiled the Gear S2, the second version of its popular Gear line of smart watches. As described on Samsung's website (www.samsung.com), the Gear S2 is "designed for the speed of your life … With elegant curves and premium finishes, function meets style in the Gear S2." The repetitive language employed by Samsung to describe the Gear S2 strongly suggests a product which features high quality materials, and superior design, that will "turn heads" while enduring the perils of everyday use.

3.      Nevertheless, within mere months of its release, purchasers of the Gear S2, including Plaintiff, encountered a defect in the Gear S2 watchband, which caused the watchband to routinely tear away from the adhered metal connector, stripping away the connection to the watch body, and leaving the metal connection from the watchband lodged within the watch body.

4.      Although Plaintiff contacted Samsung Support to inform it of the defect and request a replacement, representatives of Defendant continually, and falsely, accused Plaintiff of damaging her Gear S2 through "excessive force, misuse, improper storage, neglect, or unusual physical damage," and denied her request for

2

coverage under the limited warranty. Samsung has taken this position with Plaintiff and other consumers in order to avoid responsibility for the defect by refusing to cover it under warranty.

5.      By knowingly and falsely marketing the Gear S2 as a functional, high quality smart watch, Samsung reaps profits, prestige and market share through inflated purchase prices accepted by customers, who erroneously believe Samsung's misrepresentations as to the quality and durability of the Gear S2.

6.      Plaintiff brings this class and representative action on behalf of a class of all persons who purchased Gear S2 smart watches manufactured, marketed and sold by Defendant since the product's release in 2015 (the "Class").

7.      Plaintiff and the Class have been damaged by Defendant's misrepresentations, concealment, and non-disclosure of the defective nature of the Gear S2, and because they were misled into purchasing Gear S2 smart watches of a quality different than they were led to believe they were obtaining, and ultimately paying more for the Gear S2 than they would have if the defective nature of the Gear S2 product line had been disclosed.

8.      Plaintiff asserts claims, individually, and on behalf of the Class, including: (1) violations of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301, *et seq*. ("Magnuson-Moss Act"); (2) breach of express warranty (or, alternatively, unjust enrichment; and (3) violations of the New Jersey Consumer Fraud Act ("CFA") or, in the alternative, under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq*. ("CFDBPA").

9.      Plaintiff seeks injunctive relief, actual damages, restitution and/or disgorgement of profits, statutory damages, attorneys' fees, costs, and any such other and further relief as this Court deems just and proper, which is available to Plaintiff and the Class as defined herein.

## THE PARTIES

10.     Plaintiff is an individual who was, at all times relevant herein, a resident of Rockford, Winnebago County, Illinois.  Plaintiff, thus, is a citizen of Illinois.

11.     Defendant is a Delaware corporation with its principal place of business and North American headquarters located in Ridgefield Park, New Jersey. Defendant is, thus, a citizen of Delaware and New Jersey. Defendant does business throughout New Jersey, and throughout the United States.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2), because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interest and costs, and this matter is a class action in which certain Class members are citizens of a different state than that of Defendant.

13.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391, because Defendant is a resident of this Judicial District, conducts business throughout this District, and a substantial part of the events or omissions giving rise to Plaintiff's claims took place within this District.

## FACTUAL ALLEGATIONS

**A.      Contrary to Samsung's Marketing of the Gear S2 Smart Watch, the Gear S2's Watchband is Inherently Defective.**

14.     Samsung released the Gear S2 in October 2015 as a successor to its original, popular Gear S line of smart watches.

15.     As described on Samsung's website, the Gear S2 is "designed for the speed of your life … With elegant curves and premium finishes, function meets style in the Gear S2."

16.     Further, according to Samsung, the Gear S2 "is all about being intuitive. Beginning with it's (sic) design. It's a sleek timekeeper that comes in a choice

selection of different materials. And with it's (sic) stylish variety of bands and watch faces, it's a new look anytime you want."

17.    Samsung's website further represents, "[c]hanging bands on your Gear S2 is superbly easy as well. Click on the tab on the back and swap out the existing strap for a new one. You only need to decide which band fits the occasion, your look or even just your mood."

18.    Taken at face value, the repetitive language used by Samsung to describe and tout the Gear S2 strongly suggests a product which features high quality materials, and superior design, that will "turn heads" while enduring the perils of everyday use.

19.    Upon information and belief, the connection between the watchband and the metal connection with the watch body is adhered with glue and/or epoxy, which is subject to persistent failure.

20.    As a result, the watchband routinely tears away, stripping away the metal connection, and leaving the metal connection from the watchband lodged within the watch body (along with Paragraph 19, the "Defect").

21.    Indeed, according to a comment posted by a user on www.androidcentral.com, when he complained to Samsung about the Defect, the company responded that "[a]fter reviewing your email, we understand that the contact between the rubber strap and the metal piece is very weak and can be easily broken, it is totally understandable how inconvenient it could be."

22.    Consequently, purchasers, such as Plaintiff, are unable to remove the watchband's metal component from the watch body, prohibiting installation of an alternative watchband, and rendering the Gear S2 worthless.

23.    Gear S2 watchbands are a proprietary product of Defendant. Accordingly, secondary suppliers are not authorized to produce Gear S2 watchbands, leaving Samsung with a monopoly on the market.

24.     Given such market control, Samsung is able to charge customers $39.99 for each additional Gear S2 watchband they purchase, each of which also is subject to the exact same Defect.

**B.     Plaintiff's Purchase of her Gear S2 Smart Watch and Subsequent Discovery of the Defective Watchband.**

25.     Plaintiff purchased her Gear S2 on November 19, 2015, for $299.99 plus sales tax, from a Best Buy located in Rockford, Illinois.

26.     The prepackaged warranty included within the packaging for Plaintiff's Gear S2 "warrant[ed] that SAMSUNG's devices and accessories are free from defects in material and workmanship under normal use and service."

27.     On January 18, 2016, Plaintiff provided notice of the Defect in her Gear S2 to Samsung Support. During the associated chat conversation, Plaintiff also supplied photographic evidence of the Defect and related damage.

28.     Five days later, on January 23, 2016, representatives of Defendant informed Plaintiff that "[w]e can see in the photos that the device has been damaged. Please be advised that physical and liquid damage are not covered by the limited warranty. There will be repair cost for the repair."

29.     Further, despite Plaintiff's clear position that "[t]his device was not damaged, it just broke," and associated statement that "if you do research you will find that this is happening to a lot of us that have the Samsung Gear S2," representatives of Defendant continued to falsely accuse Plaintiff of damaging her Gear S2 through "excessive force, misuse, improper storage, neglect, or unusual physical damage," in a targeted effort to deny her warranty claim, as well as the existence of the watchband defect.

<u>NEW JERSEY'S SUBSTANTIVE LAW APPLIES TO THE PROPOSED CLASS</u>

30.     New Jersey's substantive laws apply to the Class, as defined herein, because Plaintiff properly brings this Complaint in this District.

31.     New Jersey's substantive laws may be constitutionally applied to the claims of Plaintiff and the Class under the Due Process Clause, 14th Amend., § 1, and the Full Faith and Credit Clause, art. IV., § 1, of the U.S. Constitution. New Jersey has significant contact, or a significant aggregation of contacts, to the claims asserted by Plaintiff and all Class members, thereby creating state interests that ensure that the choice of New Jersey state law is not arbitrary or unfair.

32.     Samsung's United States headquarters and principal place of business is located in New Jersey. Samsung also owns property and conducts substantial business in New Jersey, and, therefore, New Jersey has an interest in regulating Samsung's conduct under its laws. Defendant's decision to reside in New Jersey and to avail itself of New Jersey's laws renders the application of New Jersey law to the claims herein constitutionally permissible.

33.     A substantial number of members of the Class also reside in New Jersey and purchased their Gear S2 smart watches in New Jersey.

34.     New Jersey is also the state from which Samsung's alleged misconduct emanated.

35.     This conduct similarly injured and affected Plaintiff and Class members. For instance, Samsung's marketing and production efforts relating to the Gear S2, as well as its warranty decisions, were undertaken and orchestrated from its headquarters in New Jersey.

36.     The application of New Jersey's laws to the Class also is appropriate under New Jersey's choice-of-law rules because New Jersey has significant contacts to the claims of Plaintiff and the Class, and New Jersey has a greater interest in applying its laws here than any other interested state.

37.     In the alternative, the Court may apply the substantive law of Illinois, the state where Plaintiff purchased her Gear S2.

## CLASS ACTION ALLEGATIONS

38.     Plaintiff brings this class action on behalf of herself and all other similarly situated members of the Class, which is defined as follows:

### Nationwide Class:

All persons who purchased, not for resale, Samsung Gear S2 smart watches in the United States ("Nationwide Class").

Alternatively, Plaintiff brings this action on behalf of herself and all other similarly situated persons on behalf of the Illinois Class, which is defined as follows:

### Illinois Class:

All persons who purchased, not for resale, Samsung Gear S2 smart watches in Illinois ("Illinois Class") (collectively with the Nationwide Class, "Class" or "Classes").

Excluded from the Class are Defendant, any entity in which Defendant has a controlling interest, and any of Defendant's subsidiaries, affiliates, officers, directors, employees, authorized dealers, legal representatives, heirs, successors, or assignees. Plaintiff reserves the right to amend the definition of the Class if discovery and/or further investigation reveals that the Class should be expanded or otherwise modified.

39.     This action has been brought and may be properly maintained as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).

40.     <u>Numerosity/Impracticability of Joinder</u>: The members of the Class are so numerous that joinder of all members is impracticable. Plaintiff reasonably estimates that there are more than 1,000,000 Class members who purchased Gear S2s.

41.     <u>Commonality and Predominance</u>: There is a well-defined community of interest and common questions of law and fact, which predominate over any questions affecting only individual members of the Class. These common legal and

factual questions, which do not vary from one Class member to another, and which may be determined without reference to the individual circumstances of any Class member, include, but are not limited to, the following:

      a.     Whether Samsung's marketing of the Gear S2 as "designed for the speed of your life," and featuring high quality materials and superior design, is "deceptive" or "misleading";

      b.     Whether Samsung engaged in unfair or unlawful business practices with respect to the advertising, marketing and sale of the Gear S2;

      c.     Whether Samsung failed to disclose and/or concealed the Defect from Plaintiff and the Class members;

      d.     Whether Samsung violated the New Jersey CFA;

      e.     Whether Samsung violated the Magnuson-Moss Act;

      f.     Whether Samsung violated the Illinois CFDBPA;

      g.     Whether Samsung breached its express warranty with Plaintiff and the Class;

      h.     Whether Samsung breached the implied warranty of merchantability with Plaintiff and the Class;

      i.     Whether Samsung was unjustly enriched at the expense of Plaintiff and the Class;

      j.     Whether Plaintiff and the Class are entitled to damages; and

      k.     Whether Plaintiff and the Class are entitled to equitable relief or other relief and the nature of such relief.

42.     Typicality: The representative Plaintiff's claims are typical of the claims of the members of the Class. Plaintiff and Class members have suffered the same injuries as a result of Defendant's wrongful conduct. Plaintiff's claims arise from the same practices and course of conduct that give rise to the claims of the Class members and are based on the same legal theories.

43.     Adequacy:  Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in complex class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

44.     Superiority: A class action is superior to all other available methods for the fair and efficient adjudication of this controversy because individual litigation of the claims of all Class members is economically unfeasible and procedurally impracticable. Furthermore, as the damages suffered by individual Class members are relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. Individual members of the Class do not have a significant interest in individually controlling the prosecution of separate actions, and individualized litigation presents the potential for inconsistent or contradictory judgments. There will be no difficulty in the management of this action as a class action. A class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

45.     Notice of this action can readily be provided to Class members.

**FIRST COUNT**
**Violations Of The New Jersey Consumer Fraud Act**
**(N.J.S.A. § 56:8-1, *et seq*.)**
**On Behalf Of The Nationwide Class**

46.     Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

47.     The CFA was enacted and designed to protect consumers against unfair, deceptive and fraudulent business practices. N.J. Stat. Ann. § 56:8-1, *et seq*.

48.     N.J. Stat. Ann. § 56:8-2 provides:

> The act, use or employment by any person of any unconscionable commercial practice, deception, fraud, false pretense, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale or advertisement of any merchandise or real estate, or with the subsequent performance of such person as aforesaid, whether or not any person has in fact been misled, deceived or damaged thereby, is declared to be an unlawful practice . . . .

49.     Plaintiff and other members of the Class are "persons" within the meaning of the CFA.

50.     The Samsung Gear S2 manufactured, marketed and sold by Defendant is "merchandise" within the meaning of the CFA, and Plaintiff and the other members of the Class are "consumers" within the meaning of the CFA and, thus, are entitled to the statutory remedies made available in the CFA.

51.     Defendant, through its advertisements, used unconscionable commercial practices, deception, fraud, false pretense, false promise, and misrepresentation, in violation of the CFA, in connection with the marketing of the Samsung Gear S2 as alleged above.

52.   Defendant also knowingly concealed, suppressed and consciously omitted material facts to Plaintiff and other members of the Class, knowing that consumers would rely on the advertisements and packaging to inform their purchase.

53.   The foregoing acts, omissions and practices directly, foreseeably and proximately caused Plaintiff and other members of the Class to suffer an ascertainable loss in the form of, *inter alia*, monies spent to purchase their Samsung Gear S2s, and they are therefore entitled to recover such damages, together with appropriate penalties, including treble damages, attorneys' fees and costs of suit.

54.   The CFA is, by its terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes.

## SECOND COUNT
### (Violations of the Magnuson-Moss Act, 15 U.S.C. §§ 2301-2312)
### Written Warranty
### On Behalf Of The Nationwide Class

55.   Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

56.   The Samsung Gear S2 is a "consumer product," as defined by 15 U.S.C. § 2301(1).

57.   Plaintiff and Class members are "consumers," as defined by 15 U.S.C. § 2301(3).

58.   Defendant is a "supplier," as defined by 15 U.S.C. § 2301(4).

59.   Defendant is a "warrantor," as defined by 15. U.S.C. § 2301(5).

60.   Defendant provided Plaintiff and the Class with "written warranties," as defined by 15 U.S.C. § 2301(6).

61.   Section 15 U.S.C. § 2301(d)(1) provides that a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with

any obligation under this title, or a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief in any court of competent jurisdiction in any state or in an appropriate district court of the United States.

62.     Defendant breached its express warranties by selling Samsung Gear S2 smart watches that contain the Defect.

63.     Defendant further breached its express warranties by refusing to compensate owners, including Plaintiff, for repairs to their inherently defective Gear S2 product.

64.     Due to the conduct described herein, any attempt by Defendant to limit its express warranties in a manner that would exclude or limit coverage for the inherently defective Gear S2, is unconscionable, and any such effort to disclaim or limit liability is void.

65.     Plaintiff and Class members' damages for the breach of warranties include, without limitation, the additional monies expended by purchasers who reasonably believed that they were acquiring non-defective Gear S2 smart watches.

**THIRD COUNT**
**Under New Jersey Law**
**Breach of Express or Written Warranty**
**On Behalf Of The Nationwide Class**

66.     Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

67.     The prepackaged warranty included within the packaging for Plaintiff's Gear S2, as well as the packaging for other Class members' Gear S2, "warrant[ed] that SAMSUNG's devices and accessories are free from defects in material and workmanship under normal use and service."

68.     On the basis of Samsung's prepackaged, written warranty regarding the faultless, non-defective nature of the Gear S2, Plaintiff and Class members agreed to purchase a Gear S2 from Defendant. An express warranty that the goods conformed to the description, therefore, became part of the basis of the bargain between the parties.

69.     Plaintiff and the Class have performed all conditions, covenants, and promises required on their part to be performed in accordance with the terms and conditions of the purchase.

70.     The goods Plaintiff and the Class received did not conform to Samsung's express warranty as alleged above, in that the Gear S2s were not free from defects. Rather, Samsung manufactured, marketed and sold the Gear S2 product which contains the Defect.

71.     Defendant failed and refused, and continues to fail and refuse, to replace the nonconforming goods with goods conforming to Defendant's express warranty as to Plaintiff and the Class, or to compensate Plaintiff and the Class in any way for the damages caused by the Defect, or to repair, at no cost to Plaintiff or the Class, the nonconforming goods.

72.     As a proximate result of Samsung's breach of its express warranty, Plaintiff and the Class have been damaged.

73.     The precise amount of these damages is unknown at the present time but can readily be determined.

**FOURTH COUNT**
**Under New Jersey Law**
**Breach of Implied Warranty of Merchantability (N.J.S.A. 12A:2-314)**
**On Behalf Of The Nationwide Class**

74.     Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

75.     Plaintiff and the members of the Class are "buyers" as that term is defined in N.J.S.A. 12A:2-103.

76.     Defendant is a "seller" as that term is defined in N.J.S.A. 12A:2-103.

77.     The Gear S2s are "goods" as that term is defined in N.J.S.A. 12A:2-105.

78.     Defendant is a merchant in the sale of the Gear S2s to Plaintiff and the members of the Class pursuant to N.J.S.A. 12A:2-104. Defendant manufactures, markets and sells the Gear S2; thus, Defendant provided Plaintiff and the members of the Class with an implied warranty that the Gear S2s are merchantable and fit for the ordinary purpose for which they were sold. The Gear S2s, however, are not fit for ordinary purposes for which such smart watches are sold and used because the watchbands are subject to the Defect, a condition which renders the Gear S2 unwearable and useless. As a result, the Gear S2 does not meet with the expectations of Plaintiff or any other reasonable purchaser of the Gear S2 as to the manner in which the Gear S2 should perform when used for ordinary purposes, because the manner in which the Gear S2 performs is so deficient and below a minimum level of quality as to render it unfit for its ordinary use and purpose. By selling the Gear S2s with the Defect, as well as by failing to repair the Gear S2s, Defendant has breached the implied warranty of merchantability.

79.     The Gear S2 does not conform to the promises and affirmations uniformly issued by Defendant in its sales and marketing materials and warranties.

80.     Plaintiff and the Class members have used their Gear S2s for their intended and ordinary purpose.

81.     Plaintiff and the Class members have performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Samsung's unconscionable conduct.

82.     Members of the Class have provided timely notice to Defendant regarding the Defect, and, notwithstanding such notice, Defendant has failed and refused to offer Plaintiff and the Class an effective remedy, or such notice has otherwise been excused by Samsung's conduct and the operation of law.

83.     In addition, Defendant has received, upon information and belief, numerous complaints and other notices from consumers and others advising it of the Defect.

84.     By virtue of the conduct described herein, Defendant breached its implied warranty of merchantability.

85.     Plaintiff and the Class members have been damaged as a direct and proximate result of Samsung's breach of the implied warranty of merchantability.

### FIFTH COUNT
### Under New Jersey Law
### Unjust Enrichment
### On Behalf Of The Nationwide Class

86.     Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

87.     Defendant unjustly and wrongfully marketed the Gear S2 as a non-defective, high quality product, employing superior design. In so doing, Defendant commanded price and market share premiums from Plaintiff and Class members whom it misled into believing they were paying for non-defective Gear S2 smart watches.

88.     Upon information and belief, Defendant reaped profits, market share gains, and benefits due directly to its wrongful, false, and deceptive marketing of Gear S2 smart watches.

89.     The amount of the unjust enrichment reaped by Defendant can readily be measured.

90.     Upon information and belief, Samsung's concealment of the fact that the entire production run of its Gear S2 smart watches contains the Defect, demonstrates that Defendant relied upon its false marketing of the Gear S2 to generate additional profits, revenues, earnings and benefits.

91.     Upon information and belief, Defendant has gained market share and publicity as a result of its wrongful concealment of the Defect.

### SIXTH COUNT
### Violations of Illinois' Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1, *et seq.*)
### Asserted, In The Alternative, On Behalf Of The Illinois Class

92.     Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

93.     At all times relevant herein, Plaintiff and all members of the Class were consumers within the meaning of the CFDBPA, and utilized their Gear S2s for household use and not for resale in the ordinary course of their trade or business.

94.     At all relevant times herein, Defendant engaged in trade and/or commerce within the meaning of the CFDBPA.

95.     Despite knowing that the Gear S2 is manufactured, marketed and sold with the Defect, Defendant uniformly represents to customers and the general public that the Gear S2 is free from defects and will perform in the manner and for the purpose for which it is intended.

96.     Under all circumstances, Samsung's representations and/or omissions regarding the Defect were and are misleading and deceptive, and Defendant intentionally made these misleading and deceptive representations and/or omissions (while knowing they were deceptive and misleading) for the sole purpose of deceiving Plaintiff and other Class members. Defendant intended that Plaintiff rely on its deceptive and misleading practice.

97.     Samsung's conduct was unfair and deceptive and was an improper concealment, suppression or omission of materials facts, in violation of the CFDBPA's prohibition against unfair business practices.

98.     Samsung violated the CFDBPA's prohibition against misrepresenting and omitting material information during commercial transaction, as well as the CFDBPA's prohibition against unfair business practices.

99.     As a direct and proximate result of Samsung's violations of the CFDBPA, Plaintiff and other Class members suffered damages.

**SEVENTH COUNT**
**Under Illinois Law**
**Breach of Express Warranty (810 ILCS 5/2-313)**
**Asserted, In The Alternative, On Behalf Of The Illinois Class**

100.   Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

101.   Defendant's express warranty covered the Samsung Gear S2 under the circumstances described herein.

102.   The express warranty was contained within the Samsung Gear S2 packaging and was thereby provided to Plaintiff and members of the Class by Defendant, and the express warranty specifically extends to original purchasers of the Samsung Gear S2 and subsequent owners for the period of warranty coverage.

103.   Defendant has breached its express warranties, as set forth above, by producing, marketing, and selling Samsung Gear S2 smart watches which contain the Defect, a condition which does not meet the warranty obligations undertaken by Defendant, and by failing to repair or replace the Defect inherent in the Samsung Gear S2s.

104.   Defendant is obligated under the terms of its express warranties to repair and/or replace the Samsung Gear S2s sold to Plaintiff and the Class, which contain the Defect.

105.   Defendant has received timely notice of the breaches of warranty alleged herein, or its conduct has otherwise obviated the need for any such notice.

106.   In addition, Defendant has received, upon information and belief, thousands of complaints and other notices from its customers nationwide advising it of the Defect in the Samsung Gear S2s, including hundreds (if not thousands) from Illinois residents. Despite this notice and Samsung's knowledge, it refuses to honor its warranties, even though it knows of the inherent defect in the Samsung Gear S2s.

107.   Defendant has failed to provide to Plaintiff and the Class, as a warranty replacement, a product that conforms to the qualities and characteristics that Defendant expressly warranted when it sold the Samsung Gear S2s to Plaintiff and members of the Class.

### EIGHTH COUNT
### Under Illinois Law
### Breach of Implied Warranty of Merchantability (810 ILCS 5/2-314)
### Asserted, In The Alternative, On Behalf Of The Illinois Class

108.   Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

109.   Plaintiff and the members of the Class are "buyers" as that term is defined in 810 ILCS 5/2-103.

110.   Defendant is a "seller" as that term is defined in 810 ILCS 5/2-103.

111.   The Gear S2s are "goods" as that term is defined in 810 ILCS 5/2-105.

112.   Defendant is a merchant in the sale of the Gear S2s to Plaintiff and the members of the Illinois Class pursuant to 810 ILCS 5/2-104. Defendant manufactures, markets and sells the Gear S2; thus, Defendant provided Plaintiff and

the members of the Class with an implied warranty that the Gear S2s are merchantable and fit for the ordinary purpose for which they were sold. The Gear S2s, however, are not fit for ordinary purposes for which such smart watches are used because the defective watchbands are subject to the Defect, a condition which renders the Gear S2 unwearable. As a result, the Gear S2 does not meet with the expectations of Plaintiff or any other reasonable purchaser of the Gear S2 as to the manner in which the Gear S2 should perform when used for ordinary purposes, because the manner in which the Gear S2 performs is so deficient and below a minimum level of quality as to render it unfit for its ordinary use and purpose. By selling the Gear S2s with the Defect, as well as by failing to repair the Gear S2s, Defendant has breached the implied warranty of merchantability.

113.   The Gear S2 does not conform to the promises and affirmations uniformly issued by Defendant in its sales and marketing materials and warranties.

114.   Plaintiff and the Class members have used their Gear S2s for their intended and ordinary purpose.

115.   Plaintiff and the Class members have performed each and every duty required under the terms of the warranties, except as may have been excused or prevented by the conduct of Defendant or by operation of law in light of Samsung's unconscionable conduct.

116.   Members of the Class have provided timely notice to Defendant regarding the Defect, and, notwithstanding such notice, Defendant has failed and refused to offer Plaintiff and the Class an effective remedy, or such notice has otherwise been excused by Samsung's conduct and the operation of law.

117.   In addition, Defendant has received, upon information and belief, numerous complaints and other notices from consumers and others advising it of the Defect.

118.   By virtue of the conduct described herein, Defendant breached its implied warranty of merchantability.

119.   Plaintiff and the Class members have been damaged as a direct and proximate result of Samsung's breach of the implied warranty of merchantability.

## NINTH COUNT
## Under Illinois Law
## Unjust Enrichment
### Asserted, In The Alternative, On Behalf Of The Illinois Class

120.   Plaintiff incorporates and re-alleges, as if fully set forth herein, each and every allegation set forth in the preceding paragraphs of this Complaint.

121.   Defendant unjustly and wrongfully marketed the Gear S2 as a non-defective, high quality product, employing superior design. In so doing, Defendant commanded price and market share premiums from Plaintiff and Class members whom it misled into believing they were paying for non-defective Gear S2 smart watches.

122.   Upon information and belief, Defendant reaped profits, market share gains, and benefits due directly to its wrongful, false, and deceptive marketing of Gear S2 smart watches.

123.   The amount of the unjust enrichment reaped by Defendant may readily be determined

124.   Upon information and belief, Samsung's concealment of the fact that the entire production run of its Gear S2 smart watches contain the Defect, demonstrates that Samsung relied upon its false marketing of the Gear S2 to generate additional profits, revenues, earnings and benefits.

125.   Upon information and belief, Defendant has gained market share and publicity as a result of its wrongful concealment of the Defect.

**WHEREFORE**, Plaintiff and the Class pray for judgment against Defendant as follows:

a.      An Order certifying the proposed Class and appointing Plaintiff  as Class Representative and her undersigned counsel as Class Counsel;

b.      Damages incurred by Plaintiff and members of the Class, together with all applicable interest;

c.      All recoverable compensatory and other damages sustained by Plaintiff and the Class;

d.      Actual and/or statutory damages for injuries suffered by Plaintiff and the Class in the maximum amount permitted by applicable law;

e.      Injunctive relief sufficient to address Samsung's conduct regarding the Defect;

f.      Statutory pre-judgment and post-judgment interest on any amounts;

g.      Payment of reasonable attorneys' fees and costs as may be allowable under applicable law; and

h.      Such other and further relief as this Court may deem just and proper.

Dated: February 24, 2016                     SHEPHERD, FINKELMAN,
                                             MILLER & SHAH, LLP


                                   By:   /s/ James C. Shah
                                         James C. Shah
                                         Natalie Finkelman Bennett
                                         475 White Horse Pike
                                         Collingswood, NJ 08107-1909
                                         Telephone: (856) 858-1770
                                         Facsimile: (866) 300-7367
                                         jshah@sfmslaw.com
                                         nfinkelman@sfmslaw.com

John F. Edgar
Boyce N. Richardson
EDGAR LAW FIRM, LLC
1032 Pennsylvania Ave.
Kansas City, MO  64105
Telephone: (816) 531-0033
Facsimile: (816) 531-3322
jfe@edgarlawfirm.com
bnr@edgarlawfirm.com

*Attorneys for Plaintiff and the Class*